**CRUTCHER v. EAVES et al.   (No. 1574.)**

(Court of Civil Appeals of Texas.   El Paso.
Feb. 21, 1924.   Rehearing Denied
March 13, 1924.)

1. **Election of remedies** &#8750;3(1)—Doctrine of, stated.

The election of remedies arises when one having two coexistent but inconsistent remedies chooses to exercise one, in which event he loses the right to thereafter exercise the other.

2. **Election of remedies** &#8750;3(3)—Suit to rescind purchase of note held not election of remedies precluding suit against third party maker.

Where the note of a third party given to the purchaser of land was accepted by the vendor as a payment upon the land, held, that the vendor's action against the purchaser to set aside the acceptance of such note on the ground of fraud did not constitute an election of remedies precluding the vendor, after a judgment against him in that action, from proceeding against the maker of the note to enforce payment.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Action by Alma Eaves and husband against Tom W. Crutcher. Judgment for plaintiffs, and defendant appeals. Affirmed.

Conner & McRae, of Eastland, for appellant.

Carl P. Springer, of Eastland, for appellees.

HIGGINS, J. Alma Eaves and J. E. Eaves, her husband, filed this suit on March 10, 1922, against Crutcher upon a promissory note executed by the latter in the sum of $1,400, payable to the order of A. R. Day and by Day indorsed without recourse to the plaintiff Alma Eaves. Judgment in the plaintiff's favor was rendered for the amount due upon the note.

The only question presented by this appeal arises upon the defense interposed that the plaintiffs were precluded from maintaining this suit by the doctrine of election of remedies.

The facts upon which the defense is predicated are as follows: On October 9, 1920, Mrs. Eaves and husband filed suit against Day setting up that on January 1, 1920, Day executed and delivered to them his $3,500 note given in part payment for certain land conveyed by them to Day, which on April 21, 1920, had been reduced by payments to $1,400; that J. E. Eaves was then indebted to the Guaranty State Bank of Eastland in excess of $1,400; that on April 21, 1920, Day represented to J. E. Eaves that he had arranged with said bank to accept the Crutcher note as a credit upon the indebtedness of Eaves to the bank, and relying upon such representation Eaves and wife accepted the Crutcher note from Day in payment of the balance due upon the purchase-money note which Day owed Mrs. Eaves and husband; that in accepting the Crutcher note they relied upon the representations so made by Day; that such representations were false and fraudulent, and the bank refused to accept the Crutcher note as a credit upon the indebtedness of J. E. Eaves to the bank; wherefore they tendered back the Crutcher note to Day and asked for judgment against him for the balance due upon his purchase money aforesaid with foreclosure of vendor's lien upon the premises in part payment for which it had been given.

In effect the suit against Day was for rescission of the purchase of the Crutcher note. Upon trial of that suit the jury found that Day did not make the representations alleged, and on December 16, 1920, judgment in his favor was rendered.

[1] An election of remedies arises when one having two coexistent but inconsistent remedies chooses to exercise one, in which event he loses the right to thereafter exercise the other. This is the usual statement of the rule.

[2] In an opinion this day rendered in the case of Mosher Manufacturing Co. v. Eastland, Wichita Falls & Gulf R. R. Co., 259 S. W. 253, this court had occasion to consider and discuss at length the doctrine of election of remedies and its application when the subsequent suit is against a defendant other than the defendant in the first action. As said in that case, the doctrine, when tested by the usual rule, is difficult of application when the subsequent action is against a stranger to the first. But much of the difficulty is overcome when it is considered that the doctrine of election of remedies is an application of the law of estoppel, either in pais or of record. 9 R. C. L. 957; Bigelow on Estoppel (6th Ed.) 732; Ward v. Green, 88 Tex. 177, 30 S. W. 864. Estoppel being the underlying principle of the doctrine, we are of the opinion that it has no application in this case. Crutcher is not in privity with Day, and his status and right have been in no wise affected by the suit against Day. Upon no possible theory can there be any basis for an estoppel in pais barring the plaintiffs from asserting their right of recovery upon the note held by them. Nor is there any inconsistency in the remedy based upon alleged fraud which they unsuccessfully asserted against Day in an effort to rescind their purchase of Crutcher's note and the remedy which they now seek to exercise by recovery upon Crutcher's express promise to pay.

In the present suit the plaintiffs allege no fact inconsistent with the facts set up in the suit against Day, so as to bar them upon an estoppel of record. The judgment in the action against Day simply confirmed in appellees their title to the Crutcher note and remitted them to their remedy against him.

With due deference to appellant's able counsel and upon full consideration of the forceful brief which they submit, we are of the opinion that the doctrine of election of remedies has no application to the facts of this case and to apply the same would be an unreasonable extension of the doctrine and unwarranted by its underlying principle.

Affirmed.